**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC,<br><br>Defendant. | Adversary Proceeding<br>No. 26-01102 (SHL) |

**TEMPORARY RESTRAINING ORDER**

Upon the motion (the "**Motion**")[2] of Spirit Airlines, LLC (the "**Plaintiff**") for entry of an order (this "**Order**") extending the *Order Granting Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property* (Adv. Proc. ECF No. 2) (the "**TRO**"); and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), as a core proceeding under 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. § 1409(a); and in accordance with Bankruptcy Rules 7065 and 9018 and the Federal Rule of Civil Procedure 65(b)(1); and that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that

[1]The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.
[2]Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

venue is proper before this Court pursuant to 28 U.S.C. § 1409(a); and the Court having found that the specific facts set forth in the evidence entered into the record clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff and the Debtors' estates before CSDS, the Additional Parties, or any other party, can be heard in opposition, including by any party transferring, disbursing, moving, or secreting assets, which injury is irreparable because such transfers may frustrate the Court's ability to enforce its prior orders and Debtors' ability to obtain relief; and the Court having found that the evidence entered into the record sets forth the reasons why notice should not be required; and the Court having found that this Order is issued without notice to any party because advance notice could prompt CSDS and/or the Additional Parties to transfer, disburse, move, or secrete assets before the Court could act, and that no notice was therefore required under the circumstances and in accordance with Bankruptcy Rules 7065 and 9018 and the Federal Rule of Civil Procedure 65(b)(1); and the Court having determined that the legal and factual bases set forth in the Motion and supporting materials establish just cause for the relief granted herein; and for the reasons stated on the record on October 21, 2026; and the Court having so ordered the requested relief on the record at 3:01 p.m. on October 21, 2026, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. A further hearing on this matter will be held on November 2, 2026 at 10:00 a.m. ET.

3. Subject to further order of the Court, until 3:01 p.m. (prevailing Eastern Time) on the fourteenth day after entry of this Order, unless extended by the Court for good cause or with CSDS's consent (the "**Restraint Period**"), CSDS and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive

actual notice of this Order (collectively, the "**Restrained Parties**"), shall not take any action, directly or indirectly, to transfer, withdraw, utilize, encumber, disburse, secrete, or move any assets, property, or funds within the ownership, possession, custody, or control of CSDS.

4. ZED AeroCapital, LLC, Wikert Investments Company LLC, Sriyantha Benedict Sirimanne, Gerard Glass, Christopher Keller, Jim Iacono, Zander Futernick, and Gary Lesnik, and their respective officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them (the "**Additional Parties**") are, and since entry of the TRO have been, Restrained Parties and are bound by the TRO as persons in active concert or participation with CSDS, and the TRO in place is extended to prohibit the Additional Parties from transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within their ownership, possession, custody, or control, including but not limited to Zed's bank accounts at Seacoast National Bank and JPMorgan Chase Bank, and Wikert's bank account at Amarillo National Bank.

5. During the Restraint Period, the Restrained Parties, including for avoidance of doubt, the Additional Parties, shall not take any action, directly or indirectly, to move, relocate, fly, ferry, reposition, or otherwise take or exercise possession or control of, or transfer, sell, encumber, or hypothecate the aircraft bearing U.S. registration number N696NK.

6. This Order constitutes a temporary restraining order pursuant to Bankruptcy Rule 7065, section 105(a) of the Bankruptcy Code and shall be effective and enforceable immediately upon its entry and shall expire at the end of the Restraint Period unless extended or earlier modified or dissolved by further order of the Court.

7. Pursuant to Bankruptcy Rule 7065, Plaintiff is not required to post any bond or other security.

8. Plaintiff shall serve a copy of this Order, together with the Complaint and the Motion, on the Additional Parties promptly following its entry and file evidence of such service promptly on the docket. Plaintiff may serve a copy of this Order, together with the Complaint and the Motion, on any other entity reasonably believed to have possession, custody, or control over assets belonging to CSDS, the Additional Parties, or any parties acting in active concert with CSDS. CSDS or the Additional Parties may move to dissolve or modify this Order on two (2) days' notice to Plaintiff, or on such shorter notice as the Court may set, and the Court shall hear and decide such motion as promptly as justice requires.

9. Nothing herein shall be deemed to limit any further application Plaintiff may make in this Adversary Proceeding or in the Chapter 11 Cases, including with respect to the release of the Escrow Funds to Spirit.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the HFS Sale Order, the APA, and the Escrow Agreement.

Dated: October 21, 2026
White Plains, New York

***/s/ Sean H. Lane***
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE