**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 25-11897 (SHL)<br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC, ZED AEROCAPITAL LLC, WIKERT INVESTMENTS COMPANY LLC, SRIYANTHA BENEDICT SIRIMANNE, CHRISTOPHER KELLER, GERALD GLASS, JIM IACONO, ZANDER FUTERNICK, AND GARY LESNIK,<br><br>Defendants. | <br><br>Adversary Proceeding<br><br>No. 26-01102 (SHL) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN PLAINTIFF SPIRIT AIRLINES, LLC AND DEFENDANT GERALD GLASS REGARDING (I) WITHDRAWAL OF DEFENDANT GERALD GLASS'S MOTION TO DISSOLVE, CLARIFY, AND MODIFY TEMPORARY RESTRAINING ORDER AND (II) MODIFICATION OF THE TEMPORARY RESTRAINING ORDER AS TO GERALD GLASS**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and between Plaintiff Spirit Airlines, LLC ("Plaintiff" or "Spirit"), a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and Defendant Gerald Glass ("Glass" and, together with Plaintiff, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Each of the Parties agrees and stipulates to the following:

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

WHEREAS, on October 14, 2026, Plaintiff filed the Complaint [Adv. ECF No. 1] against CSDS Asset Management LLC ("CSDS") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Plaintiff's Motion for Entry of an Emergency Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 3], supported by the Declaration of Jasmine Ball [Adv. ECF No. 4], pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, seeking a temporary restraining order;

WHEREAS, on October 14, 2026, the Bankruptcy Court entered the Order Granting Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 2] (the "October 14 TRO"), prohibiting CSDS and all persons in active concert or participation with it who receive actual notice of the October 14 TRO from taking "any action, directly or indirectly, to transfer, withdraw, utilize, encumber, disburse, secrete, or move any assets, property, or funds within the ownership, possession, custody, or control of CSDS";

WHEREAS, on October 21, 2026, Plaintiff filed the Amended Adversary Complaint [Adv. ECF No. 17] (the "Amended Complaint"), naming as a defendant, among others, Glass, and filed Plaintiff's Motion for an Order Amending and Clarifying the Temporary Restraining Order on Sources of Escrow Funds [Adv. ECF No. 16] (the "Motion to Clarify"), supported by the Declaration of Marc J. Tobak [Adv. ECF No. 18] and the Second Declaration of Marc J. Tobak [Adv. ECF No. 19], and the record to date, seeking to apply the provisions of the October 14 TRO to certain additional parties, including Glass;

WHEREAS, on October 21, 2026, the Bankruptcy Court entered the Temporary Restraining Order [Adv. ECF No. 15] (the "TRO"), which, among other things, (i) provides that

Glass, among others (the "Additional Parties"), is, and since entry of the October 14 TRO has been, a Restrained Party bound by the October 14 TRO, (ii) extends the restraint to prohibit the Additional Parties from "transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within their ownership, possession, custody, or control" until 3:01 p.m. (prevailing Eastern Time) on the fourteenth day after its entry (the "Restraint Period"), and (iii) schedules a further hearing for November 2, 2026 at 10:00 a.m. (prevailing Eastern Time) (the "Further Hearing");

WHEREAS, on October 23, 2026, Glass filed Defendant Gerald Glass's Motion to Dissolve, Clarify, and Modify Temporary Restraining Order [Adv. ECF No. 25] (the "Motion to Dissolve"), supported by the Declaration of Gerald Glass [Adv. ECF No. 26], and an Order to Show Cause [Adv. ECF No. 23], asking the Bankruptcy Court to dissolve the TRO as to Glass or, in the alternative, to clarify and modify the TRO and require Plaintiff to post security;

WHEREAS, following the filing of the Motion to Dissolve, the Parties met and conferred and have reached an agreement, as set forth herein, pursuant to which Glass will withdraw the Motion to Dissolve and the TRO will be dissolved as to Glass on the terms set forth herein;

WHEREAS, as part of the Parties' agreement, Glass will provide to Spirit a declaration (the "Glass Declaration") stating that (i) he did not receive any funds from the escrow for the Spirit and CSDS airplane purchase transaction, ZED AeroCapital LLC ("Zed"), or Wikert Investments Company LLC ("Wikert") or anyone known by him to be their principals; (ii) he did not receive any compensation or funds from CSDS or anyone known by him to be its principal from the transaction between Spirit and CSDS (the "Spirit Transaction"); and (iii) he was not compensated from any source for any work he did on the Spirit Transaction;

WHEREAS, as part of the Parties' agreement, on October 29, 2026, Glass make himself available for an untranscribed and unrecorded interview with Spirit's counsel, and counsel for the Ad Hoc Committee of Senior Secured Noteholders and Lenders, about the Spirit Transaction (the "Interview");

WHEREAS, the Interview shall not be in lieu of a deposition, and Spirit reserves the right to seek a deposition of Glass at a later, mutually-agreeable time;

WHEREAS, as part of the Parties' agreement, Glass will restrain $421,875.00 (the "Restrained Amount"), which represents payments Glass received from CSDS on a loan unrelated to the Spirit Transaction from February 2026 to October 2026; and

WHEREAS, the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The TRO is hereby dissolved with respect to Glass, effective as of October 23, 2026 at 7:40 PM Eastern Time. As of that date and time, Glass shall not constitute a "Restrained Party" or an "Additional Party" as those terms are used in the TRO.

2. The Motion to Dissolve is moot and is hereby deemed withdrawn. Glass will formally withdraw the Motion to Dissolve in a notice substantially in the form of Exhibit A. The hearing on the Motion to Dissolve is hereby cancelled.

3. Until the earlier of (1) the termination of this Adversary Proceeding with respect to Glass or (2) further order of the Court, Glass shall not move any of his assets (or any assets of any person or entity under his control) with the intent of frustrating enforcement of a potential judgment of this Court regarding the missing funds from the escrow for the Spirit and CSDS airplane purchase transaction.

4. Until the earlier of (1) the termination of this Adversary Proceeding with respect to Glass or (2) further order of the Court Glass will restrain $421,875.00 (the "Restrained Amount"), which represents payments Glass received from CSDS on a loan unrelated to the Spirit Transaction from February 2026 to October 2026.

5. Glass shall begin rolling productions of non-privileged documents in his possession, custody, or control about the transaction between CSDS and Spirit, and such productions will be substantially completed by Wednesday, October 28, 2026;

6. Glass shall make himself available for an untranscribed and unrecorded interview (which shall not be in lieu of a deposition) with Spirit's counsel, and counsel for the Ad Hoc Committee of Senior Secured Noteholders and Lenders, about the Spirit Transaction (the "Interview"), on or before Monday, November 2, 2026.

7. Except as expressly provided in this Stipulation and Order (or in a further order of the Court), all terms of the TRO remain in full force and effect and are unchanged.

8. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this Order and the Stipulation.

[*Remainder of page intentionally left blank. Signatures on following page.*]

**SO STIPULATED:**

Dated: October 27, 2026


/s/ Ben S. Kaminetzky
DAVIS POLK & WARDWELL LLP
Marshall S. Huebner
Ben S. Kaminetzky
Darren S. Klein
Marc J. Tobak
Christopher S. Robertson
Nicholas D'Angelo
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Email: marshall.huebner@davispolk.com
ben.kaminetzky@davispolk.com
darren.klein@davispolk.com
marc.tobak@davispolk.com
christopher.robertson@davispolk.com
nicholas.dangelo@davispolk.com

-and-

DEBEVOISE & PLIMPTON LLP
Jasmine Ball
Elie J. Worenklein
66 Hudson Boulevard East
New York, New York 10001
Telephone: (212) 909-6000
Email: jball@debevoise.com
eworenklein@debevoise.com

*Counsel to Plaintiff Spirit Airlines, LLC*

/s/ Daniel J. Saval
KOBRE & KIM LLP
Daniel J. Saval
Steven G. Kobre
800 Third Avenue
New York, NY 10022
Telephone: +1 (212) 488-1200
Email: daniel.saval@kobrekim.com
steven.kobre@kobrekim.com

-and-

Michael C. Fasano (*pro hac vice* pending)
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: +1 (305) 967-6100
Email: michael.fasano@kobrekim.com

*Counsel to Defendant Gerald Glass*


**SO ORDERED:**

Dated: ________________, 2026
White Plains, New York

______________________________
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE