**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 25-11897 (SHL)<br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC, ZED AEROCAPITAL LLC, WIKERT INVESTMENTS COMPANY LLC, SRIYANTHA BENEDICT SIRIMANNE, CHRISTOPHER KELLER, GERALD GLASS, JIM IACONO, ZANDER FUTERNICK, AND GARY LESNIK,<br><br>Defendants. | Adversary Proceeding<br><br>No. 26-01102 (SHL) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN PLAINTIFF SPIRIT AIRLINES, LLC AND DEFENDANT CHRISTOPHER KELLER REGARDING (I) WITHDRAWAL OF DEFENDANT CHRISTOPHER KELLER'S MOTION TO DISSOLVE, OR ALTERNATIVELY, MODIFY OR CLARIFY TEMPORARY RESTRAINING ORDER AND (II) DISSOLUTION OF THE TEMPORARY RESTRAINING ORDER AS TO CHRISTOPHER KELLER**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and between Plaintiff Spirit Airlines, LLC ("Plaintiff" or "Spirit"), a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and Defendant Christopher Keller ("Keller" and, together with Plaintiff, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Each of the Parties agrees and stipulates to the following:

[1]The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

WHEREAS, on October 14, 2026, Plaintiff filed the Complaint [Adv. ECF No. 1] against CSDS Asset Management LLC ("CSDS") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Plaintiff's Motion for Entry of an Emergency Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 3], supported by the Declaration of Jasmine Ball [Adv. ECF No. 4], pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, seeking a temporary restraining order;

WHEREAS, on October 14, 2026, the Bankruptcy Court entered the Order Granting Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 2] (the "October 14 TRO"), prohibiting CSDS and all persons in active concert or participation with it who receive actual notice of the October 14 TRO from taking "any action, directly or indirectly, to transfer, withdraw, utilize, encumber, disburse, secrete, or move any assets, property, or funds within the ownership, possession, custody, or control of CSDS";

WHEREAS, on October 21, 2026, Plaintiff filed the Amended Adversary Complaint [Adv. ECF No. 17] (the "Amended Complaint"), naming as a defendant, among others, Keller, and filed Plaintiff's Motion for an Order Amending and Clarifying the Temporary Restraining Order on Sources of Escrow Funds [Adv. ECF No. 16] (the "Motion to Clarify"), supported by the Declaration of Marc J. Tobak [Adv. ECF No. 18] and the Second Declaration of Marc J. Tobak [Adv. ECF No. 19], and the record to date, seeking to apply the provisions of the October 14 TRO to certain additional parties, including Keller;

WHEREAS, on October 21, 2026, the Bankruptcy Court entered the Temporary Restraining Order [Adv. ECF No. 15] (the "TRO"), which, among other things, (i) provides that

Keller, among others (the "Additional Parties"), is, and since entry of the October 14 TRO has been, a Restrained Party bound by the October 14 TRO, (ii) extends the restraint to prohibit the Additional Parties from "transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within their ownership, possession, custody, or control" until 3:01 p.m. (prevailing Eastern Time) on the fourteenth day after its entry (the "Restraint Period"), and (iii) schedules a further hearing for November 2, 2026 at 10:00 a.m. (prevailing Eastern Time) (the "Further Hearing");

WHEREAS, on October 26, 2026, Keller filed Defendant Christopher Keller's Motion to Dissolve, or Alternatively, Modify or Clarify Temporary Restraining Order [Adv. ECF No. 35] (the "Motion to Dissolve"), supported by the Declaration of Christopher Keller [Adv. ECF No. 36], and an Order to Show Cause [Adv. ECF No. 34], asking the Bankruptcy Court to dissolve the TRO as to Keller or, in the alternative, to clarify and modify the TRO and require Plaintiff to post security;

WHEREAS, following the filing of the Motion to Dissolve, the Parties met and conferred and have reached an agreement, as set forth herein, pursuant to which Keller will withdraw the Motion to Dissolve and the TRO will be dissolved as to Keller;

WHEREAS, as part of the Parties' agreement, Keller has provided to Spirit a supplemental declaration (the "Supplemental Declaration") stating that (i) he did not receive any funds from the escrow account at issue in the Adversary Proceeding, (ii) he has not received any funds from ZED AeroCapital LLC ("Zed") or Wikert Investments Company LLC ("Wikert") in connection with the Spirit Transaction; (iii) he has not received any compensation or consideration from CSDS, Mr. Sirimanne or anyone else relating to the aircraft subject to the Spirit Transaction, (iv) he was not involved in the finance or acquisition aspects of the Spirit Transaction and never spoke with

Zed, Wikert or Gerard Glass about the escrow or any financing relating to the escrow, (v) his role in the Spirit Transaction was to remarket the aircraft subject to the transaction and he never spoke with Zed, Wikert or Mr. Glass in connection with those efforts, and (vi) he had no contact with Erin Van Laanen or Maria Gonzalez or anyone else at McAfee Taft, with respect to the Spirit Transaction.

WHEREAS, as part of the Parties' agreement, Keller has also agreed to be deposed and produce documents in response to the subpoenas served on him by Spirit. No deposition date has been set and no deadline for completing the production of documents has been set; and

WHEREAS, the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The TRO is hereby dissolved with respect to Keller, effective to the time at which he received actual notice of the TRO on October 22, 2026 at approximately 4:35 PM Eastern Time. As of that date and time, Keller shall not constitute a "Restrained Party" or an "Additional Party" as those terms are used in the TRO.

2. The Motion to Dissolve is moot and is hereby deemed withdrawn. Keller will formally withdraw the Motion to Dissolve in a notice substantially in the form of Exhibit A. The hearing on the Motion to Dissolve is hereby cancelled.

3. Until the earlier of (1) the termination of this Adversary Proceeding with respect to Keller or (2) further order of the Court, Keller shall not move any of his assets (or any assets of any person or entity under his control) with the intent of frustrating enforcement of a potential judgment of this Court in the Adversary Proceeding.

4. Keller shall begin the process of responding to the document subpoena served on him by Spirit and will produce responsive, non-privileged documents in his possession, custody, or control on a rolling basis as expeditiously as possible;

5. Keller will sit for a deposition by Spirit in response to the deposition subpoena served on him by Spirit at a date and time to be determined.

6. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this Order and the Stipulation.

[*Remainder of page intentionally left blank. Signatures on following page.*]

**SO STIPULATED:**

Dated: November 4, 2026

/s/ Ben S. Kaminetzky

**DAVIS POLK & WARDWELL LLP**

Marshall S. Huebner
Ben S. Kaminetzky
Marc J. Tobak
Nicholas D'Angelo
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to Plaintiff Spirit Airlines, LLC*

/s/ Abbey Walsh

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Michael J. Barrie (NY 5057450)
Abbey Walsh (NY 3068921)
1301 Avenue of the Americas, Floor 40
New York, NY 10019
Telephone: (646) 777-0054

*Counsel to Defendant Christopher Keller*

**SO ORDERED:**

Dated: November 9, 2026
White Plains, New York

***/s/ Sean H. Lane***

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[2]<br>Debtors. | Chapter 11<br>Case No. 25-11897 (SHL)<br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC, ZED AEROCAPITAL LLC, WIKERT INVESTMENTS COMPANY LLC, SRIYANTHA BENEDICT SIRIMANNE, CHRISTOPHER KELLER, GERALD GLASS, JIM IACONO, ZANDER FUTERNICK, AND GARY LESNIK,<br><br>Defendants. | Adversary Proceeding<br><br>No. 26-01102 (SHL) |

**NOTICE OF WITHDRAWAL OF DEFENDANT CHRISTOPHER KELLER'S MOTION TO DISSOLVE, OR ALTERNATIVELY, MODIFY OR CLAIFY TEMPORARY RESTRAINING ORDER**

Defendant Christopher Keller ("Keller") hereby withdraws Keller's Motion to Dissolve, Clarify, and Modify Temporary Restraining Order [Adv. ECF No. 35] pursuant to Federal Rule of Civil Procedure 65(b)(4), as applicable by Federal Rule of Bankruptcy Procedure 7065.

[2]The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

Dated: November [__], 2026
New York, New York

BENESCH FRIEDLANDER COPLAN &
ARONOFF

By: ____________________________
Michael J. Barrie
Abbey Walsh
1301 Avenue of the Americas, Floor 40
New York, NY 10019
Telephone: (646) 777-0054

*Counsel to Defendant Christopher Keller*