**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 25-11897 (SHL)<br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC, ZED AEROCAPITAL LLC, WIKERT INVESTMENTS COMPANY LLC, SRIYANTHA BENEDICT SIRIMANNE, CHRISTOPHER KELLER, GERALD GLASS, JIM IACONO, ZANDER FUTERNICK, AND GARY LESNIK,<br><br>Defendants. | Adversary Proceeding<br><br>No. 26-01102 (SHL) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN PLAINTIFF SPIRIT AIRLINES, LLC AND DEFENDANT ZED AEROCAPITAL LLC REGARDING (I) MODIFICATION OF THE TEMPORARY RESTRAINING ORDER AS TO ZED AEROCAPITAL LLC, (II) DISSOLUTION OF THE TEMPORARY RESTRAINING ORDER AS TO THE ZED PRINCIPALS, AND (III) RELATED MATTERS**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and between Plaintiff Spirit Airlines, LLC ("Plaintiff" or "Spirit"), a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and Defendant ZED AeroCapital LLC ("Zed" and, together with Plaintiff, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Each of the Parties agrees and stipulates to the following:

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

WHEREAS, on October 14, 2026, Plaintiff filed the Complaint [Adv. ECF No. 1] against CSDS Asset Management LLC ("CSDS") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Plaintiff's Motion for Entry of an Emergency Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 3], supported by the Declaration of Jasmine Ball [Adv. ECF No. 4], pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, seeking a temporary restraining order;

WHEREAS, on October 14, 2026, the Bankruptcy Court entered the Order Granting Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 2] (the "October 14 TRO"), prohibiting CSDS and all persons in active concert or participation with it who receive actual notice of the October 14 TRO from taking "any action, directly or indirectly, to transfer, withdraw, utilize, encumber, disburse, secrete, or move any assets, property, or funds within the ownership, possession, custody, or control of CSDS";

WHEREAS, on October 21, 2026, Plaintiff filed the Amended Adversary Complaint [Adv. ECF No. 17] (the "Amended Complaint"), naming as defendants, among others, Zed and Jim Iacono, Zander Futernick, and Gary Lesnik (collectively, the "Zed Principals"), and filed Plaintiff's Motion for an Order Amending and Clarifying the Temporary Restraining Order on Sources of Escrow Funds [Adv. ECF No. 16] (the "Motion to Clarify"), supported by the Declaration of Marc J. Tobak [Adv. ECF No. 18] and the Second Declaration of Marc J. Tobak [Adv. ECF No. 19], and the record to date, seeking to clarify the application the provisions of the October 14 TRO to certain additional parties, including Zed and the Zed Principals;

WHEREAS, on October 21, 2026, the Bankruptcy Court entered the Temporary Restraining Order [Adv. ECF No. 15] (the "TRO"), which, among other things, (i) provides that Zed and the Zed Principals, among others (the "Additional Parties"), are, and since entry of the October 14 TRO have been, Restrained Parties bound by the October 14 TRO, (ii) extends the restraint to prohibit the Additional Parties from "transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within their ownership, possession, custody, or control" until 3:01 p.m. (prevailing Eastern Time) on the fourteenth day after its entry (the "Restraint Period"), and (iii) schedules a further hearing for November 2, 2026 at 10:00 a.m. (prevailing Eastern Time) (the "Further Hearing");

WHEREAS, following entry of the TRO, the Parties met and conferred and have reached an agreement, as set forth herein, pursuant to which the TRO will be dissolved as to the Zed Principals and modified as to Zed on the terms set forth herein;

WHEREAS, as part of the Parties' agreement, the Zed Principals will provide to Spirit an amended declaration attesting that they (a) "have not received, directly or indirectly, any funds whatsoever from (i) the Spirit Deposit Account, including any portion of the Escrow Funds or any proceeds of the Escrow Funds. No funds from the Spirit Deposit Account have been transferred, distributed, or paid to me, or to any account that I own or control or benefit from, by the Escrow Agent, ZED, CSDS, or any other person; or (ii) any funds, assets, loans, or other value from or on behalf of ZED or any affiliated entity or individual as of April 7, 2026, relating to the Escrow Funds"; and (b) "have not received, directly or indirectly, any funds whatsoever from (i) the ZED Escrow Account, including any portion of the $46,350,000 that ZED deposited into the ZED Escrow Account and that the Escrow Agent later returned to ZED. No funds from the ZED Escrow Account have been transferred, distributed, or paid to me, or to any account that I own or control

or benefit from, by the Escrow Agent, ZED, CSDS, or any other person or (ii) any funds, assets, loans, or other value from or on behalf of ZED or any affiliated entity or individual as of April 7, 2026";

WHEREAS, as part of the Parties' agreement, Zed has provided to Spirit a balance sheet reflecting the assets to be restrained and supporting documentation; and

WHEREAS, the Parties have entered into this Stipulation and Order solely in the interest of compromise and to avoid the cost, burden, and uncertainty of contested proceedings with respect to the Motion to Clarify and the Further Hearing, and nothing herein shall constitute or be construed as an admission of liability or wrongdoing by any party, or as an admission, consent, or agreement by Zed or the Zed Principals with respect to personal jurisdiction, subject matter jurisdiction, service of process, or the sufficiency of process or service of process, all of which are expressly reserved; and

WHEREAS, the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The TRO is hereby dissolved with respect to the Zed Principals.

2. Through December 2, 2026, the TRO shall be limited, as to Zed (and its related parties or those acting with it), to restraining (1) any transfer of assets of CSDS or its related parties (including, without limitation, Sriyantha Benedict Sirimanne); and (2) any transfers of any assets (including, without limitation, Zed's account at Seacoast National Bank (account number ending 4731), Zed's account at JPMorgan Chase Bank, N.A. (account number ending 5190), and any other Zed account that received proceeds of the amounts transferred from the Escrow Agent); *provided,*

*however*, that if the sum of the amounts restrained exceeds $46.35 million, Zed is free to transfer amounts in excess of the balance of $46.35 million; *provided further*, that Zed shall be permitted (i) to make ordinary-course transactions amounting, in the aggregate, to no more than $10,000 per week, and (ii) to pay professional fees incurred in connection with this Adversary Proceeding.

3. Zed and the Zed Principals are hereby enjoined from taking any action to move assets with the intent or material effect of frustrating enforcement of a potential judgment of this Court.

4. Zed shall provide to Spirit a ledger reflecting the distributions of the proceeds of the $46.35 million wired from McAfee & Taft to Zed in April 2026. The identities of such investors may be anonymized. At the request of Spirit, Zed will provide a declaration, under penalty of perjury, stating that individuals or entities that Spirit will provide are not among the investors that received proceeds of the $46.35 million wired from McAfee & Taft to Zed in April 2026 (or declining to so state if inaccurate). For the avoidance of doubt, all parties reserve rights with respect to discovery concerning the identities of the investors provided in an anonymized form pursuant to this paragraph.

5. Each of Spirit and Zed shall begin rolling productions of documents in response to document requests relating to additional preliminary relief only by Thursday, November 5, 2026 and shall substantially complete such productions by November 13, 2026, subject to their respective objections and good-faith efforts to resolve any such objections. Discovery relating to matters other than additional preliminary relief shall be deferred pending a broader case schedule.

6. Depositions of corporate representatives of each party, on topics relating to additional preliminary relief only, shall occur by November 26, 2026 (or such later date as agreed by the parties). Each of Zed and Spirit will identify a corporate representative (or representatives) for such deposition by November 5, 2026.

7. For the avoidance of doubt, Paragraph 4 of the TRO, which provides that the respective officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with the Restrained Parties and the Additional Parties are enjoined, restrains such respective officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation only in such persons' capacities as such (for example, when acting as agent of the Restrained Parties), and not in their respective individual capacities.

8. Except as expressly provided in this Stipulation and Order (or in a further order of the Court), all terms of the TRO remain in full force and effect and are unchanged. Specifically, except to the extent permitted by paragraph 2 above, Zed remains prohibited from transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within its ownership, possession, custody, or control, including but not limited to Zed's bank accounts at Seacoast National Bank and JPMorgan Chase Bank, and Wikert's bank account at Amarillo National Bank. Further, Zed shall not take any action, directly or indirectly, to move, relocate, fly, ferry, reposition, or otherwise take or exercise possession or control of, or transfer, sell, encumber, or hypothecate the aircraft bearing U.S. registration number N696NK.

9. The parties reserve all of their respective rights relating to matters not specifically addressed herein, including, without limitation, with respect to individual depositions or merits discovery. Without limiting the foregoing, nothing in this Stipulation and Order shall constitute a waiver by Zed or the Zed Principals of, and Zed and the Zed Principals expressly reserve, any and all defenses, objections, and rights with respect to personal jurisdiction, subject matter jurisdiction, service of process, insufficient process, insufficient service of process, or lack of service.

10. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this Order and the Stipulation.

[*Remainder of page intentionally left blank. Signatures on following page.*]

**SO STIPULATED:**

Dated: November 4, 2026

/s/ Ben S. Kaminetzky

**DAVIS POLK & WARDWELL LLP**
Marshall S. Huebner
Ben S. Kaminetzky
Darren S. Klein
Marc J. Tobak
Christopher S. Robertson
Nicholas D'Angelo
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Email: marshall.huebner@davispolk.com
ben.kaminetzky@davispolk.com
darren.klein@davispolk.com
marc.tobak@davispolk.com
christopher.robertson@davispolk.com
nicholas.dangelo@davispolk.com

-and-

**DEBEVOISE & PLIMPTON LLP**
Jasmine Ball
Elie J. Worenklein
66 Hudson Boulevard East
New York, New York 10001
Telephone: (212) 909-6000
Email: jball@debevoise.com
eworenklein@debevoise.com

*Counsel to Plaintiff Spirit Airlines, LLC*

/s/ Luis Salazar

**Cole Schotz P.C.**
Luis Salazar
80 SW 8th Street, Suite 1900
Miami, FL 33130
Telephone: (305) 3674-4802
Email: lsalazar@coleschotz.com

*Counsel to Defendant ZED AeroCapital LLC*

**SO ORDERED:**

Dated: November 9, 2026
White Plains, New York

***/s/ Sean H. Lane***

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE