**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 25-11897 (SHL)<br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC, ZED AEROCAPITAL LLC, WIKERT INVESTMENTS COMPANY LLC, SRIYANTHA BENEDICT SIRIMANNE, CHRISTOPHER KELLER, GERALD GLASS, JIM IACONO, ZANDER FUTERNICK, AND GARY LESNIK,<br><br>Defendants. | Adversary Proceeding<br><br>No. 26-01102 (SHL) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN PLAINTIFF SPIRIT AIRLINES, LLC AND DEFENDANT WIKERT INVESTMENTS COMPANY LLC REGARDING (I) DISSOLUTION OF THE TEMPORARY RESTRAINING ORDER AS TO WIKERT INVESTMENTS COMPANY LLC AND (II) RELATED MATTERS CONCERNING AIRCRAFT N696NK**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and between Plaintiff Spirit Airlines, LLC ("Plaintiff" or "Spirit"), a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and Defendant Wikert Investments Company LLC ("Wikert" and, together with Plaintiff, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Each of the Parties agrees and stipulates to the following:

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

WHEREAS, on October 14, 2026, Plaintiff filed the Complaint [Adv. ECF No. 1] against CSDS Asset Management LLC ("CSDS") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Plaintiff's Motion for Entry of an Emergency Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 3], supported by the Declaration of Jasmine Ball [Adv. ECF No. 4], pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, seeking a temporary restraining order;

WHEREAS, on October 14, 2026, the Bankruptcy Court entered the Order Granting Temporary Restraining Order Enjoining CSDS Asset Management LLC From Moving or Disbursing Any Funds or Property [Adv. ECF No. 2] (the "October 14 TRO"), prohibiting CSDS and all persons in active concert or participation with it who receive actual notice of the October 14 TRO from taking "any action, directly or indirectly, to transfer, withdraw, utilize, encumber, disburse, secrete, or move any assets, property, or funds within the ownership, possession, custody, or control of CSDS";

WHEREAS, on October 21, 2026, Plaintiff filed the Amended Adversary Complaint [Adv. ECF No. 17] (the "Amended Complaint"), naming as a defendant, among others, Wikert, and filed Plaintiff's Motion for an Order Amending and Clarifying the Temporary Restraining Order on Sources of Escrow Funds [Adv. ECF No. 16] (the "Motion to Clarify"), supported by the Declaration of Marc J. Tobak [Adv. ECF No. 18] and the Second Declaration of Marc J. Tobak [Adv. ECF No. 19], and the record to date, seeking to apply the provisions of the October 14 TRO to certain additional parties, including Wikert;

WHEREAS, on October 21, 2026, the Bankruptcy Court entered the Temporary Restraining Order [Adv. ECF No. 15] (the "TRO"), which, among other things, (i) provides that

Wikert, among others (the "Additional Parties"), is, and since entry of the October 14 TRO has been, a Restrained Party bound by the October 14 TRO, (ii) extends the restraint to prohibit the Additional Parties from "transferring, withdrawing, utilizing, encumbering, disbursing, secreting, or moving any assets, property, or funds within their ownership, possession, custody, or control" until 3:01 p.m. (prevailing Eastern Time) on the fourteenth day after its entry (the "Restraint Period")," (iii) orders that the Additional Parties, during the Restraint Period, "shall not take any action, directly or indirectly, to move, relocate, fly, ferry, reposition, or otherwise take or exercise possession or control of, or transfer, sell, encumber, or hypothecate the aircraft bearing U.S. registration number N696NK," and (iv) schedules a further hearing for November 2, 2026 at 10:00 a.m. (prevailing Eastern Time) (the "Further Hearing");

WHEREAS, following entry of the TRO, the Parties met and conferred and have reached an agreement, as set forth herein, pursuant to which the TRO will be dissolved as to Wikert on the terms set forth herein;

WHEREAS, for the avoidance of doubt, nothing in this Stipulation and Order shall be interpreted as conceding or determining any interest of any of the Parties, or any other person or entity, in the aircraft bearing U.S. registration number N696NK (the "Aircraft"). Each of the Parties fully reserves their rights as to those issues, which this Stipulation and Order does not and shall not affect in any respect; and

WHEREAS, the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The TRO is hereby dissolved with respect to Wikert subject to the terms set forth below.

2. Wikert shall not, and agrees that it will not, enter into any binding commitment to sell the Aircraft unless (i) Wikert informs Spirit, in writing, of the terms of such proposed transaction and provides drafts of any relevant agreements (if available), not less than two business days before Wikert proposes to enter into a binding commitment to sell the Aircraft; and (ii) Spirit does not object, in writing, to the terms of such sale as commercially unreasonable before the end of two business days after Wikert provides written notice of such proposed transaction.

3. If the Aircraft is sold, Wikert shall, and agrees that it will, retain the proceeds of such sale (net of costs paid at closing) in a segregated account (the "Proceeds"). Wikert shall not, and agrees that it will not, dispose of or use the Proceeds for at least 30 days after the closing of any sale, absent earlier agreement of the Parties or order of the Bankruptcy Court. The Parties agree to meet and confer in good faith regarding entitlement to, or the disposition of such Proceeds within 10 days after the closing of any sale. Following the meet and confer but within 30 days after the closing of any sale, should either Party seek judicial relief from the Bankruptcy Court regarding the Parties' respective entitlements to, or the disposition of, the Proceeds, the Proceeds will remain in the segregated account pending adjudication and resolution by the Court on that issue. For the avoidance of doubt, the foregoing does not limit the right of any Party to seek declaratory relief, or to assert any other claims or defenses, regarding the Aircraft or the Proceeds in this Court at any time.

4. Wikert is hereby enjoined from taking any action to move assets with the intent or material effect of frustrating enforcement of a potential judgment of this Court.

5. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this Order and the Stipulation.

**SO STIPULATED:**

Dated: November 10, 2026

*/s/ Ben S. Kaminetzky*
**DAVIS POLK & WARDWELL LLP**
Marshall S. Huebner
Ben S. Kaminetzky
Darren S. Klein
Marc J. Tobak
Christopher S. Robertson
Nicholas D'Angelo
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Email: marshall.huebner@davispolk.com
ben.kaminetzky@davispolk.com
darren.klein@davispolk.com
marc.tobak@davispolk.com
christopher.robertson@davispolk.com
nicholas.dangelo@davispolk.com

-and-

**DEBEVOISE & PLIMPTON LLP**
Jasmine Ball
Elie J. Worenklein
66 Hudson Boulevard East
New York, New York 10001
Telephone: (212) 909-6000
Email: jball@debevoise.com
eworenklein@debevoise.com

*Counsel to Plaintiff Spirit Airlines, LLC*

*/s/ Amy L. Nashon*
**TroyGould**
Amy L. Nashon
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (10) 789-1245
Email: anashon@troygould.com

*Counsel to Defendant Wikert Investments Company, LLC*

**SO ORDERED:**

Dated: November 13, 2026
White Plains, New York

***/s/ Sean H. Lane***
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE